UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

CHARLES WHITE, *et al.*,                )
                                         )
        Plaintiffs,              )
                                         )
v.                                       )    1:16-cv-166-JRG-SKL
                                         )
CITY OF CHATTANOOGA, *et al.*,           )
                                         )
        Defendants.              )

# ORDER

Before the Court is Defendants' motion to compel discovery and a supporting memorandum [Docs. 24 & 25]. Defendants seek dismissal pursuant to Federal Rules of Civil Procedure 37(b)(2)(A)(v) and (d)(3), due to Plaintiffs' failure to answer Defendants' requests for interrogatories and production of documents. Alternatively, Defendants ask the Court to compel Plaintiffs, pursuant to Rule 37(a), to fully and completely respond to the certain discovery requests filed by Defendants—namely, the First Requests for Production to Charles White, served June 24, 2016 [Doc. 24-1]; First Set of Interrogatories to Charles White, served March 9, 2017 [Doc. 24-2]; First Set of Interrogatories to Tami Boring White, served March 9, 2017 [Doc. 24-3]; First Set of Interrogatories to Heath Brandon Lee White, served March 9, 2017 [Doc. 24-4]; Second Request for Production of Documents to Plaintiff Charles White, served March 9, 2017 [Doc. 24-5]; First Request for Production of Documents to Plaintiff Tami Boring White, served March 9, 2017 [Doc. 24-6]; and First Request for Production of Documents to Plaintiff Heath Brandon Lee White, served March 9, 2017 [Doc. 24-7]. Defendants also request an award

of reasonable attorney's fees and expenses incurred in filing the motion.[1]

Plaintiffs filed a belated response to Defendants' motion on May 4, 2017.[2] Plaintiffs admitted the facts and timeline set forth in Defendants' motion, but argue dismissal is not warranted as a sanction in this case at this time. Plaintiffs provide no explanation whatsoever for their complete failure to properly participate in discovery.

Pursuant to Fed. R. Civ. P. 37(d)(3), where a party fails to respond to written discovery requests, instead of or in addition to other types of sanctions, a court must require "the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." An award of sanctions is proper in this case and Plaintiffs have provided no justification for their failure to respond to discovery or presented other circumstances that would make an award of fees and expenses unjust.

Defendants' motion to compel [Doc. 24] is **GRANTED IN PART AND DENIED IN PART** as the Court declines to dismiss the action at this time and Plaintiffs will be given another chance to appropriately participate in discovery. Accordingly, it is **ORDERED** that Plaintiffs **SHALL** fully respond to Defendants' interrogatories and requests for production of documents within **14 days** of this Order.

---

[1] Defendants certified that pursuant to Rule 37(a)(1) they attempted to confer in good faith with Plaintiffs prior to filing their motion [Doc. 24-8].

[2] The motion was filed April 18 and the response was due May 2, but the response was not filed until May 4, 2017. Plaintiffs' counsel may have been operating under the mistaken belief that he could add three days for service in calculating the time to respond. As noted in the comments to the recent amendment to Federal Rule of Civil Procedure 6 effective December 1, 2016, however, "Rule 6(d) is amended to remove service by electronic means under Rule 5(b)(2)(E) from the modes of service that allow 3 added days to act after being served." While E.D. Tenn. L.R. 7.2 provides that "[f]ailure to respond to a motion may be deemed a waiver of any opposition to the relief sought[,]" it is not necessary to deem a waiver under the circumstances.

In addition, the Court **FINDS** Defendants' request for sanctions against Plaintiffs in the amount of the reasonable attorneys' fees and expenses Defendants incurred to file the motion to compel and supporting memorandum is justified. Accordingly, it is further **ORDERED** that Plaintiffs **SHALL** pay Defendants the reasonable attorneys' fees and any expenses incurred in filing the motion to compel and supporting memorandum. As Defendants did not provide any information as to the amount of fees requested, such as the hours worked or the hourly rate of the fees sought, the Court **FINDS** that **$750.00** is a reasonable fee under the circumstances and **ORDERS** Plaintiffs to remit **$750.00** to Defendants within **14 days** of this Order.

**Any failure by Plaintiffs to fully comply with this order may result in the imposition of sanctions up to and including the dismissal of this case.**

SO ORDERED.

ENTER:

                                            s/ *Susan K. Lee*
                                            SUSAN K. LEE
                                            UNITED STATES MAGISTRATE JUDGE